UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
RALPH NATALE, DAVID PEREZ,
DEMOS DEMOPOULOS, JEFFREY ISAACS,
KIRK CONAWAY, and ROY KOHN           COMPLAINT
as TRUSTEES OF HEALTH FUND 917, and
HEALTH FUND 917,

                    Plaintiffs,           CIVIL ACTION NO.: 17-CV-130

   -against-

PACIFIC PETROLEUM TRANSPORT CO.
and JOHN FAY,

                 **Defendants.**
----------------------------------------------------------------------x

# C O M P L A I N T

Plaintiffs, Ralph Natale, David Perez, Demos Demopoulos, Jeffrey Isaacs, Kirk Conaway and Roy Kohn, as Trustees of the Health Fund 917 (the "Health Trustees" or the "Trustees"), and Health Fund 917 (the "Health Fund" or the "Fund"), by their attorneys, Klein Zelman Rothermel Jacobs & Schess LLP, allege as follows:

### NATURE OF ACTION

1. This action is brought by Plaintiffs pursuant to Sections 404, 406, 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. §§1104, 1106, 1132 and 1145, to enforce the provisions of the Agreement and Declaration of Trust (the "Trust Agreement") establishing the Health Fund (the "Fund") and to enforce the Defendants' obligations to make contributions to the Fund under the terms of the collective bargaining agreement with Teamsters Local Union No. 553 of the International

Brotherhood of Teamsters (the "Union") and/or their obligations to make contributions to the Fund under the Trust Agreement establishing the Fund and the Fund's Delinquent Contribution and Payroll Examination Policy and Procedure (the "Delinquency Procedure").

2. This action is also brought against Defendant, John Fay ("Fay") pursuant to Sections 404 and 406 of ERISA, 29 U.S.C. §§1104 and 1106, for breach of his duties as a fiduciary of the plaintiff Fund.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to Sections 404, 406, 502 and 515 of ERISA, 29 U.S.C. §§1104, 1106, 1132 and 1145.

4. Venue is proper in this District pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Fund is administered in Nassau County, New York.

## PARTIES

5. The Health Trustees are fiduciaries of the Health Fund, as defined under ERISA Section 3(21)(A), 29 U.S.C. §1003(21)(A). The Health Fund is an "employee welfare benefit plan" and a "multiemployer plan" within the meaning of ERISA Section 3(1) and (37), 29 U.S.C. §1002(1) and (37), which is maintained for the purpose of providing health and welfare benefits to eligible participants and beneficiaries and is a trust fund established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. §186(c)(5) (hereinafter "LMRA"). Plaintiffs bring this action on behalf of the participants and beneficiaries of the Fund.

6. The Fund is administered and maintains its principal place of business at 22 North Tyson Avenue, Floral Park, New York 11001.

7. Upon information and belief Defendant Pacific Petroleum Transport Co. (hereinafter "Pacific") is a corporation organized under the laws of the State of New York with its offices and principal place of business located 802 Jamaica Avenue, Brooklyn, NY 11208, and an employer engaged in an industry affecting commerce within the meaning of Section 3(5), (11) and (12) of ERISA, 29 U.S.C. §1102(5), (11) and (12).

8. Upon information and belief, Fay is a resident of New York, and an owner of Pacific.

## BACKGROUND

9. At all times relevant hereto Pacific was party to a collective bargaining agreement ("CBA") with the Union.

10. Pursuant to the CBA, Pacific is required to make contributions to the Health Fund for each of its employees covered by the CBA.

11. Pursuant to the CBA and by virtue of its participation in the Fund, Pacific is also bound to the Trust Agreement establishing the Fund and the Fund's Delinquency Procedure.

12. Pursuant to the Trust Agreement "[t]itle to all monies accrued, owing, due or paid into the Fund . . . shall constitute plan assets as of the date that their payment is due to the Fund; outstanding and withheld contributions, and any other monies due to the Fund, shall constitute plan assets as of the date that their payment is due to the Fund."

13. In February 2016, the Fund concluded a payroll audit of Pacific covering the period January 1, 2014 through December 31, 2014 (the "Audit Period").

14. The payroll audit revealed that Pacific underpaid the Fund by $40,183.27 during the Audit Period (the "Findings").

15. By letter dated March 3, 2016, the Fund provided Pacific with a copy of the Findings.

16. Upon information and belief, Pacific received a copy of the Findings.

17. By letter dated March 29, 2016, counsel for the Fund demanded payment of the Findings plus interest.

18. To date Defendants have not submitted payment of the underpayment set forth in the Findings.

## AS AND FOR A FIRST CAUSE OF ACTION

(Against Defendant Pacific)

19. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement…[to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

21. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this title or the terms of the plan."

22. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), requires that "[i]n any action brought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan-

    (A)   the unpaid contributions;
    (B)   interest on the unpaid contributions;
    (C)   an amount equal to the greater of-
        (i)  interest on the unpaid contributions, or
        (ii) liquidated damages…..in an amount not in excess of 20 percent of the [unpaid contributions],
    (D)   reasonable attorney's fees and costs of the action, to be paid by defendant, and
    (E)   such other legal or equitable relief as the court deems appropriate."

23. On March 29, 2016, Defendants were sent a demand for payment. Subsequently the Fund's counsel made a demand for payment on November 22, 2016. Pacific has not paid the amount due.

24. Accordingly, Defendants are liable to Plaintiffs under the terms of the Fund's governing documents, the CBA and Sections 505 and 515 of ERISA for the amounts due to the Fund.

## AS AND FOR A SECOND CAUSE OF ACTION

(Against Defendant Fay)

25. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 through 24 as though fully set forth herein.

26. Upon information and belief, Fay was a person with discretion and/or authority to pay contributions to the Fund on behalf of Pacific.

27. Contributions and other monies due and payable to the Fund by Pacific are "plan assets" within the meaning of Section 3(21)(a) of ERISA, 29 U.S.C. §1002(21)(a), when they become due.

28. Upon information and belief, Fay exercised authority and/or control over payment of contributions and monies due to the Fund from Pacific and therefore was a fiduciary as defined in Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

29. Under Section 404(a)(1)(A) of ERISA, 29 U.S.C. §1104(a)(1)(A), an ERISA fiduciary must act solely in the interest of plan participants and beneficiaries.

30. Upon information and belief, Fay caused Pacific not to pay contributions and other monies to the Fund that had become plan assets of the Fund when they became due from Pacific, thus breaching his fiduciary duties under Section 404 of ERISA to act solely in the interest of the Fund's participants and beneficiaries.

31. Pursuant to Section 409 of ERISA; 29 U.S.C. §1109, a fiduciary who breaches any of the responsibilities, obligations or duties imposed on a fiduciary under ERISA is personally liable to a plan for any losses resulting from such breach.

## AS AND FOR A THIRD CAUSE OF ACTION

(Against Defendant Fay)

32. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 through 31 as though fully set forth herein.

33. Pursuant to Section 406(a)(1)(D) of ERISA, 29 U.S.C. §1106(a)(1)(D), a plan fiduciary may not transfer any plan assets to a party-in-interest.

34. Upon information and belief, Fay is a party in interest with respect to the Fund as defined by Section 3(14)(C) of ERISA, 29 U.S.C. §1002(14)(C) because Pacific is an employer whose employees are covered by the Fund.

35. Upon information and belief, Fay transferred monies due the Fund to Pacific instead of paying them to the Fund, thus breaching his fiduciary duties to the Fund under Section 406(a)(1)(D) of ERISA, 29 U.S.C. §1106(a)(1)(D).

36. Pursuant to Section 409 of ERISA, 29 U.S.C. §1109, a fiduciary who breaches any of the responsibilities, obligations or duties imposed on a fiduciary under ERISA is personally liable to a plan for any losses resulting from such breach.

## AS AND FOR A FOURTH CAUSE OF ACTION

(Against Defendant Fay)

37. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38. Pursuant to Section 406(b) of ERISA, 29 U.S.C. §1106(b), a plan fiduciary may not use plan assets in his/her own interest or for her/his own account and may not act in any transaction involving the Fund on behalf of a party whose interests are adverse to the interests of the Fund.

39. Upon information and belief, Fay acted in his own interest, for his own account or on behalf of Pacific, whose interests are adverse to the Fund, by retaining "plan assets" or allowing "plan assets" of the Fund to be used to pay Pacific's debts or obligations to other parties.

40. Fay breached his fiduciary duties to the Fund under Section 406(b) of ERISA, 28 U.S.C. §1106(b) insofar as he retained contributions or monies due to the Fund or allowed them to be used on behalf of Pacific whose interests were adverse to the Fund.

41. Plaintiffs have been required to employ the undersigned attorneys to collect monies that may be found due and owing from Defendants and are obligated to pay their attorneys a reasonable attorneys' fee.

42. Pursuant to Section 409 of ERISA; 29 U.S.C. §1109, a fiduciary who breaches any of the responsibilities, obligations or duties imposed on a fiduciary under ERISA is personally liable to a plan for any losses resulting from such breach.

**WHEREFORE**, Plaintiffs request that judgment be entered in favor of Plaintiffs and against Defendants, jointly and severally, as follows:

   i. For unpaid contributions to the Health Fund in an estimated to be $40,183.27 for the period from January 1, 2014 through December 31, 2014, pursuant to 29 U.S.C. §1132(g)(2)(A);

   ii. For interest on all monies due, calculated from the due date of the contributions through the present at a rate of ten percent (10%) per annum, pursuant to 29 U.S.C. §1132 (g)(2)(B) and the Fund's governing documents;

   iii. For liquidated damages in an amount equal to the greater of (a) the amount of interest awarded in paragraph (ii) above, or (b) twenty percent (20%) of the amount of unpaid contributions pursuant to 29 U.S.C. §1132 (g)(2)(C);

   iv. For the costs of filing this action pursuant to 29 U.S.C. §1132 (g)(2)(D);

   v. For reasonable attorneys' fees incurred by Plaintiffs pursuant to 29 U.S.C. §1132 (g)(2)(D);

   vi. Retain jurisdiction to enter judgment for any contributions found due and owing; and

      vii.  For such other and further relief as this Court deems appropriate.

Dated:  January 10, 2017
       New York, New York

         KLEIN ZELMAN ROTHERMEL JACOBS & SCHESS LLP

      BY:  /s/ _____
         Jane B. Jacobs (2925)
         Jesse Grasty (5357)
         485 Madison Avenue, 13th Floor
         New York, New York 10022
         (212) 935-6020
         *Attorneys for Plaintiffs*